**IN THE UNITED STATES DISTRICT COURT**RECEIVED
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**  2019 AUG -2 P 3:12

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT

| | |
|---|---|
| **IN RE: OHIO EXECUTION PROTOCOL LITIGATION** | **Misc. Case No.** 2:19-mc-3884-mHF-smp **JUDGE** |
| **This document relates to: PLAINTIFF CLEVELAND JACKSON** | **DEATH PENALTY CASE:** **EXECUTION SCHEDULED FOR NOVEMBER 13, 2019** **Expedited consideration requested** |

## Plaintiff Cleveland Jackson's Motion to Compel Production of Documents in Response to Subpoena Issued to Non-Party the Alabama Department of Forensic Sciences

Plaintiff Cleveland Jackson respectfully seeks an order from this Court to compel production and compliance with each of three subpoenas served under Federal Rule of Civil Procedure 45 on non-party the Alabama Department of Forensic Sciences ("The Department"). He also respectfully seeks this Court's expedited consideration and decision on this motion, in light of his impending injunctive relief proceedings and looming execution date.

Mr. Jackson served the Rule 45 subpoenas, issued pursuant to Rule 45(a)(2) by the United States District Court for the Southern District of Ohio in Case No. 2:11-cv-1016, *In re Ohio Execution Protocol Litigation*, on The Department. In those subpoenas, Mr. Jackson sought certified (and thus self-authenticating) copies of documents and information related to autopsies conducted on three men executed by the State of Alabama in 2019. Such

information is highly relevant to matters in injunctive-relief litigation in advance of Mr. Jackson's scheduled execution date of November 13, 2019. Service of subpoenas was completed on May 29, 2019 ("Subpoena 1," attached as Exhibit 1); June 6, 2019 ("Subpoena 2," attached as Exhibit 2); and July 3, 2019 ("Subpoena 3," attached as Exhibit 3).

To date, however, The Department has not responded in any way to the latter two subpoenas. And it responded to the first subpoena by letter, first by letter dated June 4, 2019 (attached Exhibit 4), and then by letter dated June 11, 2019 (attached Exhibit 5), refusing to produce responsive materials. Those letters were not addressed or served directly on Mr. Jackson's counsel. The Department stated that the documents in question would not be produced because they relate to a purportedly ongoing criminal investigation and thus are not subject to release as public records under Alabama's public records law.

But Mr. Jackson did not seek the documents via an open records request; he sought them via a properly served and valid Rule 45 subpoena from the United States District Court for the Southern District of Ohio. This Court is the federal court for the district where compliance was required. *See* Fed. R. Civ. P. 45(d)(2)(B)(i). As such, Mr. Jackson now respectfully seeks an order from this Court to compel production and compliance with the Subpoenas.

Additionally, the undersigned counsel hereby certifies that multiple good faith attempts have been made to obtain a non-judicial resolution to this matter. Since receiving the first non-responsive letter from The Department on

2

or about June 24, 2019, counsel made several phone calls to the phone number for the Alabama Department of Forensic Sciences Legal Counsel Division, provided in that letter. Each time, counsel explained the subpoena requests, explained that the requests were being made pursuant to a federal court subpoena, not an open records request under Alabama state law, and that time was of the essence in light of the impending execution date and injunctive relief litigation schedule. Each time, counsel was assured that, although counsel from the Legal Counsel Division was not presently in the office, he would be in touch by phone promptly. No phone call was received until July 29, 2019.

Additionally, undersigned counsel emailed The Department's counsel on June 24, 2019, explaining the circumstances at length and requesting a response and The Department's compliance with the subpoenas. (*See* attached Exhibit 6.) Counsel received no response to that email.

Counsel further sent another email to The Department's counsel on July 29, 2019, stating his intent to immediately file a motion to compel unless a non-judicial resolution could be reached. (*See* attached Exhibit 7.) Later that afternoon, counsel for The Department called the undersigned to discuss the matter. Ultimately no resolution could be reached; counsel for The Department related that he was bound by policy to follow the orders from the District Attorney for Escambia County on whether to release the requested documents, and that Escambia County District Attorney Stephen M. Billy had instructed that the execution cases remained under criminal investigation. The

undersigned then called Mr. Billy's office during the afternoon of July 29, 2019, in an effort to discuss any possibility of a non-judicial resolution. That effort, too, was unsuccessful. The undersigned was informed that Mr. Billy simply does not release the execution autopsy-related documents until after the "investigation" into each execution concludes, following presentment of each case as a homicide to the grand jury.

Consequently, Mr. Jackson is left with no choice but to respectfully request that this Court uphold the Rules and respect for the federal courts by ordering compliance with the Subpoenas, compelling the production of documents they request. The legal and factual grounds for this Motion are set forth in the accompanying Memorandum in Support.

Respectfully submitted,

**Deborah L. Williams**
Federal Public Defender

by

**/s/ Allen L. Bohnert** 8/1/2019
**Allen L. Bohnert (Ohio 0081544)**
Trial Attorney for Plaintiff Cleveland Jackson
Office of the Federal Public Defender
for the Southern District of Ohio
Capital Habeas Unit
10 West Broad Street, Suite 1020
Columbus, Ohio 43215
614-469-2999
614-469-5999 (fax)
Email: Allen_Bohnert@fd.org[1]

---

[1] Attorney Bohnert is already registered with the Middle District of Alabama's CM/ECF system and has electronic filing privileges.

4

## Memorandum In Support

### I.  Introduction

Before this Court are the following issues:

(a)  Whether The Department's single, boilerplate objection to Subpoena 1 invoking state public records law permits The Department to refuse compliance with a validly served Rule 45 subpoena issued by a federal district court in federal-question litigation?

(b)  Whether this Court should compel The Department to produce all documents responsive to Subpoena 2 and Subpoena 3 that presented targeted document requests, when The Department has failed to either serve timely written objections or file a motion to quash, thereby waiving any objections to the Subpoenas?

### II.  Factual Background

Cleveland Jackson is a death row inmate scheduled for execution in Ohio on November 13, 2019.  Ohio intends to execute Mr. Jackson using peripheral IV injection of three drugs that, Jackson believes, are similar if not identical to Alabama's lethal injection protocol:  First, 500 mg of midazolam, a sedative; second, a paralytic drug; and third, a fatal dose of potassium chloride.

Mr. Jackson is a Plaintiff in the long-running litigation over Ohio's lethal injection manner and methods of execution identified above.  He has filed a motion for a stay of execution, a preliminary injunction, and an evidentiary hearing in that case.  (S.D. Ohio ECF No. 2242.)[2]  In that motion he argues, in relevant part, that Ohio's three-drug lethal injection protocol creates a sure or

---

[2] To avoid any confusion about docket references, Jackson will cite to "S.D. Ohio ECF No. x" for all filings on the Southern District of Ohio's ECF docket, and cite to "ECF No. x" for all filings on this Court's docket in the above-captioned case.

5

very likely risk that he will be subjected to severe pain and needless suffering due to the effects of the drugs, dosages, and administration method involved. *See Baze v. Rees*, 553 U.S. 35 (2008); *see also Glossip v. Gross*, 134 S. Ct. 2726 (2015); *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019). The controlling scheduling order provides that, if the presiding court grants an evidentiary hearing on Mr. Jackson's motion, that hearing will be held September 24–25, 2019, in Dayton, Ohio. (*See* Ohio ECF No. 2206 (courtesy copy attached as Exhibit 8).)[3] The deadline for submitting expert reports—for which Mr. Jackson needed the requested information—has passed, and other deadlines for matters that similarly require the requested documents are rapidly approaching as well. For example, the deadline to submit Mr. Jackson's rebuttal expert reports is now scheduled for August 12, 2019. (*See* Ohio ECF No. 2300.) The requested documents are important for his experts to review for those reports as well, and, of course, for his hearing in September.

In preparing his case, Mr. Jackson served three Rule 45 subpoenae duces tecum on The Department. The first subpoena, served on May 29, 2019, requested certain records related to the autopsies of Michael Samra (executed by the State of Alabama on May 16, 2019), and Domineque Ray (executed February 7, 2019), with a requested compliance date of June 14, 2019. (*See* Exhibit 1.) Subpoena 1 also made clear that if Christopher Price was executed

---

[3] Some of the deadlines established in S.D. Ohio ECF No. 2206 have been modified since that scheduling order issued. The scheduled date of the hearing has remained unchanged, however, as has the deadline to file exhibits in advance of the hearing.

6

(he was ultimately executed on May 30, 2019), then another subpoena would follow. The subpoena also expressly noted that compliance would be accepted via electronic production if The Department's counsel was so amenable.

In response, The Department sent a letter dated June 4, 2019, and a second letter dated June 11, 2019, although neither letter was addressed or sent directly to Mr. Jackson's counsel. In the first letter, The Department cited Alabama state law and asserted that "Reports in the case regarding Michael Samra are not currently public record because the cases remain under investigation either per order from the District Attorney or due to the fact that Alabama Department of Forensic Sciences has not completed its investigation." (*See* Exhibit 4.) That letter made no mention of Mr. Ray, and no responsive documents were produced.

In the June 11, 2019 letter, The Department responded as to Mr. Ray, again invoking Alabama state rules of civil procedure and Alabama state law, asserting that "District Attorney Stephen M. Billy has notified the Alabama Department of Forensic Sciences that this case remains under criminal investigation." (*See* Exhibit 5.) Once again, The Department produced no responsive documents.

The second subpoena was served on The Department on June 6, 2019. (*See* Exhibit 2.) That subpoena requested documents related to the autopsy of Christopher Ray following his execution, and sought compliance by June 18, 2019. To date, and despite repeated efforts by the undersigned counsel to

7

obtain compliance, The Department has not responded in any way to
Subpoena 2. Neither objections nor a motion to quash have been filed.

The third subpoena was served on The Department on July 3, 2019,
seeking certain documents related to the autopsies of Ray, Samra, and Price,
and clarifying that Mr. Jackson was not making an open records request under
Alabama's open records law. (*See* Exhibit 3.) Due to counsel's effort to obtain
consent from counsel for The Department to accept service via electronic copy
in the June 24, 2019 email—a reply to which was never received—and then a
miscommunication, that subpoena was signed and dated on June 17, 2019,
but was not served until July 3, 2019. It requested a compliance date of July
10, 2019. While Mr. Jackson recognizes that truncated time period between
service and required response date might typically provide grounds to quash
the subpoena under Rule 45(d)(3)(A)(i), The Department has not moved to
quash on that basis. And, in any event, The Department has now had
approximately 30 days since service, but still has not responded in any way to
Subpoena 3.

In sum, then, The Department has responded to Subpoena 1 by way of
purported objections that were not served on Mr. Jackson's counsel, and which
expressly invoke Alabama state open records law as a basis to not produce the
requested documents, without addressing the fact that Mr. Jackson seeks the
documents in question via a federal court subpoena in federal question
litigation. He did not submit an open records request under Alabama law, nor
seek discovery in state-court litigation governed by Alabama law. Additionally,

the Department has neither complied with, nor objected to or otherwise sought relief from, Subpoena 2 or Subpoena 3.

## III.   Law and Argument

### A.   Legal standard

Rule 26(b) permits a party to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[4] "Under the federal rules, relevancy is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Coker v. Duke & Co.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998) (quoting *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978)). As a whole, the federal discovery rules are to be construed broadly and liberally. *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

The resisting party "has the burden to show the information does not come within the broad scope of relevance as defined by Fed. R. Civ. P. 26(b) or the potential harm outweighs the presumption in favor of broad disclosure." *Gilbert v. Rare Moon Media, LLC*, No. 15-mc-217-CM, 2016 WL 141635, at \*4 (D. Kan. Jan. 12, 2016) (internal quotation marks omitted). The "resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions" in objecting to discovery. *Bruner v. Am.*

---

[4] It "is well settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26." *Miller v. MP Glob. Prods., LLC,* Civil Action No. 12-00747-KD-N, 2014 U.S. Dist. LEXIS 34008, at \*5–6 (S.D. Ala. Mar. 17, 2014) (listing cases).

*Honda Motor Co.*, Civil Action No. 1:15-00499-N, 2016 U.S. Dist. LEXIS 62810, at *6 (S.D. Ala. May 12, 2016).

Additionally, "[f]ailure to serve written objection to a subpoena within the time specified by Fed. R. Civ. P. 45 typically waives any objections the party may have." *Patel v. Bhakta*, No. 1:15-CV-562-MHC-ECS, 2015 U.S. Dist. LEXIS 186408, at *6-7 (N.D. Ga. Apr. 29, 2015) (citing *Ala. Educ. Ass'n v. Bentley*, No. CV-11-S-761-NE, 2013 U.S. Dist. LEXIS 8188, 2013 WL 246417, at *4 (N.D. Ala. Jan. 22, 2013) (listing cases); *Stringer v. Ryan*, No. 08-21877-CIV, 2009 U.S. Dist. LEXIS 101479, 2009 WL 3644360, at *1 (S.D. Fla. Oct. 30, 2009) ("A non-party waives any objections if she does not timely object to the subpoena."); *Madeline L.L.C. v. Street*, No. 09-80705-MC, 2009 U.S. Dist. LEXIS 51700, 2009 WL 1563526 (S.D. Fla. June 3, 2009) (non-party's untimely response to Rule 45 subpoena resulted in waiver of objections); 9A Wright & Miller, *Federal Practice & Procedure* § 2463 (3d ed. 1998) ("[F]ailure to object within the fourteen-day period usually results in waiver of the contested issue.").

Rule 45(d)(2)(B) requires a non-party to serve written objections on the attorney designated in the subpoena, and the objections must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If a non-party does not filed a motion to quash a Rule 45 subpoena, and has otherwise waived any objections by failing to comply with Rule 45(d)(2)(B)'s requirements for serving written objections, then a motion to compel responses to a subpoena duces tecum "is due to be granted on this

10

basis alone." *Bailey Indus. v. CLJP, Inc.,* 270 F.R.D. 662, 668 (N.D. Fla. 2010)

(discussing analogous provisions of Rule 45 before 2013 amendment).  Even if

served by way of a Rule 45 subpoena, when the non-party fails to timely object

to production requests, as a general rule, objections to those requests are

waived.  *Id.* (citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989));

*see also Noel-Wagstaffe v. Metro. Cas. Ins. Co.*, No. 17-Civ-61039, 2017 U.S.

Dist. LEXIS 201610, at *3 (S.D. Fla. Dec. 7, 2017) ("The failure to serve written

objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically

constitutes a waiver of such objections, as does failing to file a timely motion to

quash.") (citing *Am. Fed.'n of Musicians of the United States & Canada v.*

*Skodam Films, LLC*, 313 F.R.D. 39, 43 (N.D. Tex. 2015)).

### B. The documents sought are directly relevant to the constitutional claims Mr. Jackson is litigating.

Although The Department does not object to Subpoena 1 on the grounds

of relevancy, or any of the other grounds enumerated in Rule 45(d)(3), the

documents Mr. Jackson seeks are directly relevant to his federal constitutional

claims nevertheless.

Information subject to disclosure during discovery need not relate

directly to the merits of the claims or defenses of the parties.  Rather, it may

also relate to any of the myriad of fact-oriented issues that arise in connection

with the litigation.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351

(1978).  Mr. Jackson more than satisfies that standard here.  The requests

contained in each of his subpoenas have a connection to his Ohio litigation

when a core focus of that Ohio litigation is the evidence regarding midazolam and its use as an initiatory drug in a three-drug lethal injection protocol, and Ohio's challenged lethal injection protocol is quite similar to Alabama's.

Mr. Jackson argues that Ohio's three-drug lethal injection protocol is sure or very likely to cause severe pain and needless suffering due, in part, to its inclusion of an IV-injected overdose of midazolam. That midazolam, Mr. Jackson argues, will not protect him from the unconstitutionally severe pain and suffering caused by the paralytic drug and potassium chloride in Ohio's protocol. Furthermore, he argues that midazolam will cause severe pain and needless suffering itself, because it causes the inmates to develop acute, non-cardiogenic pulmonary edema. That edema causes the inmate's lungs to rapidly fill with fluid, eliminating the ability to exchange gases, causing the inmates to experience the painful sensations of suffocating to death.

Mr. Jackson will present expert testimony from Dr. Mark Edgar at his preliminary injunction hearing. Dr. Edgar has reviewed autopsy records from approximately 28 cases of inmates executed using lethal injection protocols that included midazolam. He has concluded in 24 of those 28 cases that the inmate developed acute, non-cardiogenic pulmonary edema after being injected intravenously with a high dose of midazolam. *In re: Ohio Execution Protocol Litigation*, No. 2:11-cv-1016, 2019 WL 244488, at *16 (S.D. Ohio Jan. 14, 2019).

Evidence to demonstrate midazolam's effects in a lethal injection protocol is, accordingly, centrally relevant to Mr. Jackson's claims. It is generally

known that Alabama uses an analogous lethal injection protocol, involving a
high dose of midazolam, followed by a paralytic drug, and then potassium
chloride, all injected by peripheral IV.  Evidence from Alabama executions has
been presented in the Ohio case previously, including by way of expert
testimony from Dr. Edgar.  Based in part on Dr. Edgar's expert testimony and
the evidence obtain from executions across virtually all jurisdictions that have
used midazolam in executions—including but not limited to Alabama—Mr.
Jackson argues he will suffer unconstitutional pain and suffering due, in part,
to Ohio's use of 500 mg of IV-injected midazolam in its execution protocol.

Since the last hearing in the consolidated Ohio litigation, Alabama has
executed three more men with a lethal injection protocol believed to involve a
high dose of IV-injected midazolam as the initiatory drug: (1) Domineque Ray;
(2) Michael Samra; and (3) Christopher Price.  Accordingly, Mr. Jackson
intends to present relevant evidence regarding those executions as well.
Documents related to the autopsies of each of those individuals is directly
relevant to Dr. Edgar's scientific assessment and testimony.  It would also
inform Mr. Jackson's experts' assessment of the eyewitness descriptions of
those executions, which, in turn, helps to establish Mr. Jackson's case as well.

Additionally, the State of Ohio has objected to evidence regarding
Alabama executions in previous hearings on behalf of other plaintiffs in the
consolidated Ohio litigation.  To avoid any evidentiary disputes regarding the
autopsies from those three recent executions, and to otherwise obtain evidence
related to his constitutional claims, Mr. Jackson sought autopsy-related

documents that are certified and attested as official government records and documents (and thus self-authenticating). In these ways, and particularly in light of the broad scope of relevancy under Rule 26 (and, therefore, Rule 45), the information that Mr. Jackson seeks by his subpoenas is directly relevant to proving his federal constitutional claims.

**C.     This motion should be granted as to Subpoena 2 and Subpoena 3 because The Department has waived any objections and has not filed a motion to quash.**

When a non-party recipient of a Rule 45 subpoena seeking production of documents does not file a motion to quash or modify the subpoena, and does not serve written objections on the attorney designated in the subpoena within the allotted time period, then the non-party has waived any basis on which to oppose production. *See Patel v. Bhakta*, No. 1:15-CV-562-MHC-ECS, 2015 U.S. Dist. LEXIS 186408, at *6-7 (N.D. Ga. Apr. 29, 2015) (listing cases). That is precisely the circumstances here as to Mr. Jackson's Subpoena 2 and Subpoena 3. The Department has not filed a motion to quash either subpoena. Nor has The Department served any timely, written objections on Mr. Jackson's counsel. Accordingly, The Department "has waived any objection to" Mr. Jackson's requests for documents in Subpoenas 1 & 2, and "this motion to compel responses" to both Subpoenas should "be granted on this basis alone." *Bailey Indus. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010); *see also Noel-Wagstaffe*, 2017 U.S. Dist. LEXIS 201610, *3–4 (granting motion to compel production of documents sought by Rule 45 subpoena when non-parties "have

14

had ample time to review the subpoena and formulate their responses" and yet "clearly failed to do so with either a production of documents or objections").

**D.    This motion should be granted as to Subpoena 1 because The Department filed no motion to quash, failed to properly raised written objections under Rule 45(d)(2)(B), and the single objection is unavailing.**

This Court should likewise grant this motion as to Subpoena 1.

**1.    The Department has waived any objection to the subpoena by failing to properly serve timely written objections under Ruel 45(d)(2)(B).**

The Department has waived any objections to producing the requested documents in Subpoena 1. It filed no motion to quash or modify the subpoena. And, although The Department ostensibly produced a single written objection, that objection was not compliant with Rule 45(d)(2)(B), and was therefore insufficient. Specifically, that Rule requires the subpoena duces tecum recipient to "serve on the party or attorney designated in the subpoena a written objection," and service must be made "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Here, The Department was advised of Mr. Jackson's counsel's address in the subpoena. The subpoena provided that The Department could produce the responsive documents at the Office of the Federal Public Defender for the Middle District of Alabama, in Montgomery, Alabama, so as to comply with Rule 45(c)(2)(A)'s geographic limitations. But as clearly noted on the bottom of the subpoena, Mr. Jackson's counsel's address is 10 W. Broad Street, Suite 1020, Columbus, Ohio. The subpoena clearly issued out of the federal district court in the

15

Southern District of Ohio. And the subpoena also provided counsel's email
address. Yet, the written objection was not addressed to or served on Mr.
Jackson's counsel at any time. Instead, it was addressed and sent to the Office
of the Federal Public Defender for the Middle District of Alabama. As such, The
Department failed to timely and properly serve Mr. Jackson's counsel with
written objections as required under Rule 45(d)(2)(B) and, consequently, waived
any objections. In the absence of properly served, written objections or a
motion to quash, The Department waived any objection to producing the
requested documents. This motion should be granted "on that basis alone."
*Bailey Indus.*, 270 F.R.D. at 668; *see also Noel-Wagstaffe*, 2017 U.S. Dist.
LEXIS 201610, *3–4.

### 2. The Department's single objection should be overruled.

Moreover, even if The Department complied with Rule 45(d)(2)(B) and
provided proper written notice of its single objection, that objection should be
overruled. The Department objects to production of the requested documents
on the basis that they are not public records subject to disclosure upon request
under Alabama law, citing an Alabama Supreme Court opinion, an Opinion
from the Alabama Attorney General, and a provision of the Code of Alabama.

But the instant matter does not arise from a case filed in Alabama state
court involving state law issues. Rather, the claim in question here is a claim
under the Eighth Amendment of the federal constitution, asserted in an action
filed in federal court under 42 U.S.C. § 1983. Accordingly, federal law governs
this discovery dispute, not Alabama state law. *Hancock v. Hobbs*, 967 F.2d

16

462, 466–67 (11th Cir. 1992). "'State law is of very little relevance to discovery in a federal action.'" *Ward v. Estaleiro Itajai S/A*, 541 F. Supp. 2d 1344, 1348 (S.D. Fla. 2008) (quoting 8 Wright, Miller & Marcus, *Federal Practice and Procedure:* Civil 2d § 2005 (1994)). Aside from two situations not applicable here, "'it is wholly settled that discovery in a federal court is governed only by [the Federal Rules of Civil Procedure] and that state discovery practices *are irrelevant.*'" *Id.* (emphasis in *Ward*). Rather, federal law applies here, and the broad discovery provisions of the Federal Rules of Civil Procedure apply, not Alabama's narrowed public records laws.

A recent case from this Court's sister district court, *Otto v. Blair*, is almost directly on point. *Otto v. Blair*, No. 5:13-cv-311-Oc-10PRL, 2014 U.S. Dist. LEXIS 192586, at *13–18 (M.D. Fla. Mar. 20, 2014). Like in this case, the movant in *Otto* sought discovery relevant to his federal constitutional claims— specifically, information containing the addresses, social security numbers and birth dates of certain law enforcement personnel. *Id.* at *13–15. And, like in this case, the resisting party objected on the basis that the requested discovery was exempt from the state's public records laws. *Id.* But the court flatly rejected that objection with reasoning that is equally applicable here.

First, the court explained that "federal law governs this discovery dispute." *Id.* at *15–16. For that proposition, the court relied on "*Hancock v. Hobbs*, 967 F.2d 462, 466–67 (11th Cir. 1992) (holding that federal privilege law applies in a civil proceeding in which the court is proceeding based on federal question jurisdiction)" and "*Dukes v. Miami-Dade Cnty.*, No. 05-22665-

17

CIV, 2007 U.S. Dist. LEXIS 83439, 2007 WL 3342793, at *1 (S.D. Fla. Nov. 9, 2007) (granting motion to compel and applying *Hancock* to find that [state public records law] did not prohibit the disclosure of photographs of police officers during discovery in a case proceeding based on federal question jurisdiction)." *Id.* Federal law likewise governs this discovery dispute in a civil case being litigated in federal court under federal question jurisdiction. *Id.*; *Hancock*, 967 F.3d at 466–67.

Next, the court observed that the movant "has sought to obtain information from [the resisting party] through a discovery request" under the Federal Rules of Civil Procedure, "not through a public records request." *Id.* at *17. The same is true here, when Mr. Jackson sought the requested documents via validly issued, properly served Rule 45 subpoenas, not as a public records request.

The *Otto* court then reasoned that whether a state public records law "might prevent Plaintiff from obtaining the sought after information if Plaintiff pursued a public records request is inapposite," because a state public records law "does not override discovery that is permissible under the Federal Rules of Civil Procedure." *Id.* (citing *Reiser v. Wachovia Corp.*, No. 6:06-cv-795-Orl-19KRS, 2007 U.S. Dist. LEXIS 42504, at *2–3 (M.D. Fla. June 12, 2007)). Once again, the same applies directly in this case; whether Alabama's public records laws might place the requested documents off limits if Mr. Jackson had sought them via a public records request is irrelevant, because that state law

does not override Mr. Jackson's ability to obtain discovery in federal question litigation in United States District Court via a Rule 45 subpoena.

Ultimately, the *Otto* court noted that the resisting party "presented no other objections" to the discovery requests—also directly analogous here, where The Department raised only a single objection—and concluded that any other objections were waived and the motion to compel granted. *Id.* The same waiver conclusion should also result here. And, finally, like in *Otto*, this Court should grant the motion to compel as to Subpoena 1.

## IV. Conclusion

In light of The Department's waiver of any objection to Subpoena 2 and Subpoena 3, and the arguments asserted above as to Subpoena 1, along with full consideration of the significant prejudice that inures to Mr. Jackson with each passing day without the requested documents for his experts' consideration, Mr. Jackson respectfully requests this Court order The Department to produce the documents requested in Subpoena 1, Subpoena 2, and Subpoena 3 within no more than 5 calendar days. *Compare VanLiner Ins. Co. v. ABF Freight Sys.*, No. 5:11-cv-122-Oc-10TBS, 2011 U.S. Dist. LEXIS 114401, at \*4 (M.D. Fla. Oct. 4, 2011) (ordering full compliance with requests for production within ten days, and noting "there is no reason why the [recipient] should require any additional time to fully respond to the . . . requests for production").

Additionally, Mr. Jackson respectfully requests this Court consider and decide this motion on an expedited schedule, in light of the impending

injunctive relief proceedings and Mr. Jackson's looming execution date.  He has been seeking this information starting in May, and has tried to be accommodating to The Department, to no avail.

Respectfully submitted,

8/1/2019

**/s/ Allen L. Bohnert**
**Allen L. Bohnert (Ohio 0081544)**
Trial Attorney for Plaintiff Jackson
Office of the Federal Public Defender
for the Southern District of Ohio
Capital Habeas Unit
10 West Broad Street, Suite 1020
Columbus, Ohio 43215
614-469-2999
614-469-5999 (fax)
Allen_Bohnert@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2019, a hard copy of the foregoing

**Plaintiff Cleveland Jackson's Motion to Compel Production of Documents**

**in Response to Subpoena Issued to Non-Party the Alabama Department of**

**Forensic Sciences** was filed with the Clerk of the United States District Court

for the Middle District of Alabama.  A hard copy of the same will be mailed by

regular mail to Attorney Marc Bass at the Alabama Department of Forensic

Sciences Legal Counsel Division at 1051 Wire Road, Auburn, Alabama, 36832.

An electronic copy of the same will be sent to Mr. Bass by email attachment.


*/s/ Allen L. Bohnert*
Trial Attorney for Plaintiff Jackson

21